MARTÍNEZ, PETITIONER AND APPELLANT, *v.* BRYAN, MUNICIPAL JUDGE, RESPONDENT AND APPELLEE.

APPEAL from the District Court of Mayagüez in Certiorari Proceedings.

No. 1310.—Decided July 20, 1916.

INTERVENTION — UNLAWFUL DETAINER — EXECUTION — CERTIORARI.—When an action of unlawful detainer is terminated by the execution of final judgment the court commits no error of procedure in refusing to consider a motion to set aside the execution of said judgment made by a person not a party to the action.

The facts are stated in the opinion.
*Mr. Rodolfo Ramírez* for the appellant.
The appellee did not appear.
MR. JUSTICE DEL TORO delivered the opinion of the court.
This is an appeal from a decision of the District Court of Mayagüez denying a petition for a writ of certiorari.

The transcript of the record shows that Alejo Llull brought an action of unlawful detainer against Pedro Dejardin in the Municipal Court of Mayagüez. The case involved a property of four *cuerdas* of land which the plaintiff alleged he had acquired by purchase from Pascasio Fajardo with the consent of his wife, Ofelia Martínez. The defendant answered that he was in possession of the property by virtue of a contract of lease entered into with Rogelio Martínez. After hearing the evidence the court gave judgment for the plaintiff. Upon the expiration of the statutory period a writ of execution was issued and the marshal stated in his return thereon that the defendant had already vacated the property voluntarily, that he found on the property Rogelio Martínez accompanied by a laborer, and that the latter delivered to him the key of a house situated on the property.

This being the state of the case, after the judgment had been rendered and executed Rogelio Martínez moved the municipal court to quash the said writ of execution. In his motion the said Martínez alleged that "he believes he is the owner of the property"; that he leased it to the defendant in the action of unlawful detainer; that the said defendant returned the property to him, and that he was in possession of the same when he was unlawfully evicted by the marshal.

The municipal court, after hearing Martínez and the plaintiff in the action of unlawful detainer, overruled the motion "because Martínez is not a party to this action."

Thereupon Martínez petitioned the district court for a writ of certiorari and the writ having issued, the court examined the record and finally denied the petition on the same ground taken by the municipal court and also because the judgment of unlawful detainer had been executed and the plaintiff put in possession of the property when the petitioner filed his motion in the municipal court.

The brief of the appellant is lengthy and obscure. In referring to the principal ground of the decision complained

of—that is, that as the petitioner was not a party to the action of unlawful detainer he could not move to quash the writ of execution issued in the said action—he cites the jurisprudence of this court which authorizes the issuance of writs of certiorari in very extraordinary cases on petitions of persons really interested who were not parties to the actions sought to be reviewed. This is a different case. Here the writ of certiorari was not denied because the petitioner was not a party to the action of unlawful detainer. The writ was issued and upon reviewing the proceeding of the lower court, it was found to be in conformity with the law.

As a matter of fact the court would have acted quite arbitrarily in granting the petition of Martínez. He does not state in his motion that he did not know of the existence of the action of unlawful detainer brought on October 16, 1914. It is rather to be deduced therefrom that he had such knowledge. As we have seen, the defendant in that action pleaded in his answer the contract of lease relied on by Martínez. After hearing the evidence the court rendered judgment for the plaintiff on December 29, 1914. The defendant did not appeal. On January 25, 1915, execution was issued on motion of the plaintiff and on January 26, 1915, it was satisfied in the manner indicated; and it was then that Martínez, upon a simple plea that ''he believes he is the owner'' of the property in question, which his alleged lessee had returned to him some fifteen days before, sought to have the writ quashed. In such circumstances, to permit the intervention of Martínez in the action of unlawful detainer which had already been disposed of by an executed judgment, would have been contrary to the most elementary rules of procedure.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.